Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3957 | **DATE** | 6/21/2000 |
| **CASE TITLE** | ROCKETT vs. MARTEN TRANSPORT LTD., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held and continued to 8/9/00 at 9:15 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Marten Transport's motion for summary judgment is denied. Plaintiff is given a thirty day extension from the date of this order to effect personal service upon Marten Transport. No further extension shall be given and plaintiff is aware of the irreversible consequences of his failure to comply with this order.
(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 2 2 200 | |
| | Notified counsel by telephone. | | date docketed | 38 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMUEL ROCKETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 99 C 3957 |
| | ) Paul E. Plunkett, Senior Judge |
| MARTEN TRANSPORT, LTD. and JACQIE TEIGEN | ) ) ) |
| Defendants. | ) |

DOCKETED JUN 2 2 2000

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Marten Transport, Ltd.'s Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons stated herein, we deny the motion.

### Facts

On June 15, 1999, plaintiff Samuel Rockett filed a Title VII action pro se against his previous employer, Marten Transport, Ltd. (Pl.'s Compl. ¶ 9.) On July 6, 1999, Marten Transport received, by certified mail, a copy of the summons and complaint in Rockett's action. (Def.'s L.R. 56.1(a)(3) Stmt. ¶ 5.) There were no waiver of service instructions with the summons. (Id. ¶ 5.) On July 21, 1999, Marten Transport answered the complaint, asserting an affirmative defense that Rockett lacked personal jurisdiction over it for failure to obtain proper service. (Def.'s Answer ¶ 21.) It reasserted the same defense when it answered plaintiff's amended complaint in December 1999. (Def.'s Am. Answer, Affirmative Defenses ¶ 5.)

## Discussion

Martin Transport has filed a motion for summary judgment arguing that this Court lacks personal jurisdiction over it because Rockett failed to properly serve it within the 120-day period under Federal Rule of Civil Procedure ("Rule") 4(m). To obtain personal jurisdiction over a corporate defendant such as Marten Transport, service is normally effected by personal service of a summons on a corporate officer or agent of the corporation. See FED. R. CIV. P. 4(h); Wis. Stat. § 801.11(5) (1999); 735 ILL. COMP. STAT. 5/2-204, 208 (West 2000). In certain cases, service of process by mail is permissible if certain waiver of service forms are properly sent by the plaintiff and returned by the defendant. FED. R. CIV. P. 4(d). It is undisputed that Rockett failed to personally serve or obtain a waiver of service of summons from Marten Transport.

Rule 4(m) states that "[i]f service of summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). "[W]here good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended." Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340 (7th Cir. 1996). "If, however, good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." Id.

In his response to Marten Transport's summary judgment motion, Rockett does not dispute he has not complied with Rule 4(m). He filed the original complaint on June 15, 1999, which started the Rule 4(m) clock ticking, and he failed to properly serve defendant Marten Transport by

November 12, 1999. Under Rule 4(m), we must determine whether we should extend the time for Rockett to effect service on Marten Transport.

Rockett claims, albeit indirectly, that he has good cause for his failed attempt to serve and correct service on Marten Transport by the Rule 4(m) deadline. (Pl.'s Resp. at 6.) He asserts that as a pro se plaintiff, he followed the incorrect instructions of the clerk of court when he mailed the complaint and summons to Marten Transport without a request for waiver of service of summons. (Id. at 3.) However, as defendant points out, Rockett's pro se status does not excuse non-compliance with the service requirements under Rule 4. See Dunmars v. City of Chicago, 22 F. Supp. 2d 777, 782 (N.D. Ill. 1998) (citing Williams-Guice v. Board of Educ., 45 F.3d 161, 164 (7th Cir. 1995)). Furthermore, Rockett was appointed his current counsel by Judge Williams[1] on July 27, 1999, just a month and a half after Rockett filed his complaint and a few days after Marten Transport answered the complaint. Rockett's counsel avers that around that time he reviewed Marten Transport's answer and affirmative defense that service had been improper. He testifies in an affidavit attached to Rockett's response that he "satisfied . . . [himself that] defendant's affirmative defenses required no immediate reply." (Pl.'s Resp., Richard C. Moenning Aff. ¶ 5.) However, all he did was "note" the affirmative defense, doing nothing else until the instant motion to find out the specifics of the service problem. Finally, Rockett argues that in March 2000 he brought "swift, timely action" to serve Marten Transport once his attorney discovered the basis for defendant's objection to service. (Pl.'s Resp. at 3.) However, Rockett yet again failed to properly serve Marten Transport because he did

---

[1] This case was transferred from Judge Williams to this Court on December 15, 1999, when she was appointed to the Seventh Circuit Court of Appeals.

not obtain a waiver of service.[2] Even if he had obtained the waiver, he did so well outside the 120-day period without an extension by this Court[3] and he served an unsigned amended complaint upon defendant.

"While there is not a precise test for determining when good cause exists, a plaintiff's attempts at service need to be '[a]t the very least . . . accompanied by some showing of reasonable diligence' before good cause may be found." Scott v. Guarantee Reserve Life Ins. Co., No. 95 C 6622, 1998 WL 177954, at *3 (N.D. Ill. Apr. 7, 1998) (quoting Bachenski v. Malnati, 11 F.3d 1371, 1377 (7th Cir. 1993)). "[N]either inadvertent failure to serve a defendant within the statutory period nor half-hearted efforts to serve a defendant establish good cause." Id. It is clear that neither Rockett's inadvertent failure as a pro se plaintiff to properly serve Marten Transport nor his attorney's dilatory conduct in discovering and correcting the service problems establishes good cause to extend the time for service.

While there is no good cause for the defects and delay in service, we are obligated to consider whether we should exercise discretion to direct that service be effected within a specified time rather than simply dismissing the complaint. See Panaras, 94 F.3d at 341. We must do so because the statute of limitations has expired in Rockett's case and a dismissal pursuant to Rule 4(m) would effectively end the action against defendant Marten Transport. The Seventh Circuit in Panaras, a

---

[2] While Marten Transport did return a waiver of service form to Rockett in April 2000, its attorney altered terms that obliterated the waiver portion. (Pl.'s Resp., Waiver Ex.)

[3] Rockett is under the impression that we granted an extension on service during a status conference in March 2000. (Pl.'s Resp. at 4.) However, it is clear to us that we did no such thing. Rather, based upon a representation by plaintiff's counsel that the 120-day period for service had not yet elapsed, the Court directed plaintiff to correct service within 20 days to attempt to moot this motion. (Def.'s Reply, Stephen A. DiTullio Aff., Ex. A, 3/15/2000 Tr. at 4.)

case factually analogous to this one, directed the district court to consider, despite the absence of good cause, whether relief may be justified when dismissal for improper service would in practice bar a new suit. In that case, the plaintiff received a right to sue letter from the EEOC and filed his discrimination complaint within the 90-day filing requirement. Id. at 339. However, he failed to accomplish proper service and the district court granted a defense motion to dismiss the plaintiff's complaint for failure to accomplish proper service. Id. The Seventh Circuit held that in light of the extremely short statute of limitations period, the district court must clearly consider, in the absence of good cause, whether a permissive extension of time for service was warranted under the facts of the case: "'Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" Id. at 341 (quoting FED. R. CIV. P. 4(m), Advisory Committee Note, 1993 Amendments).

We find relief is justified because the 90-day statute of limitations for Rockett's Title VII action would bar the refiled action and the circumstances in this case warrant such relief. The Court does not approve of Rockett's counsel's dilatory conduct in failing to correct the problem during the 120-day period, his waiting until well after that time, without an extension from this Court, to attempt to correct service and his use of improper methods of service which still failed to effect service on defendant. However, the Court recognizes that, in the end, Rockett should not have the courthouse doors slammed closed on his case against his former employer because he failed at his initial attempt to serve without the benefit of counsel and his current counsel blundered the opportunities to correct it.

While Marten Transport has not evaded service or concealed a defect in attempted service, it is not prejudiced by this extension because it has been aware of the suit against it from the

beginning. Furthermore, in considering the equities, we note that defendant may have contributed to the service problem by answering and raising the service issue as an affirmative defense, instead of highlighting the problem for the pro se plaintiff in a Rule 12(b)(5) motion. Clearly, plaintiff's attorney should have caught issue sooner than he did, but it appears that defendant did as little as possible to bring to his attention during the 120-day period. Thus, the Court denies Marten Transport's request to dismiss Rockett's complaint under Rule 4(m).

Rockett is given thirty (30) days from the date of this order to properly serve on Marten Transport a summons and signed amended complaint. Given that the root cause of Rockett's problems has stemmed from his or his counsel's failure to obtain a waiver from defendant for personal service of a summons, Rockett is directed to effect personal service on Marten Transport pursuant to the federal rules and laws of Wisconsin and Illinois. No extensions shall be given, and failure to comply with this order in the next thirty days shall be the death sentence for Rockett's federal case against his former employer. If that occurs, Rockett and his current counsel shall be responsible for Marten Transport's fees and costs associated with this motion.

## Conclusion

For the reasons stated herein, we deny Marten Transport's motion for summary judgment requesting this Court dismiss plaintiff's complaint against it for failure to properly serve it under Federal Rule of Civil Procedure 4. Rockett is given a thirty day extension from the date of this order to effect personal service upon Marten Transport. No further extensions shall be given and plaintiff is aware of the irreversible consequences of his failure to comply with this order.

**ENTER:**

**UNITED STATES DISTRICT JUDGE**

DATED: 6-21-00