# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3957 | **DATE** | 11/27/2001 |
| **CASE TITLE** | SAMUEL ROCKETT vs. MARTEN TRANSPORT, LTD.,et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court finds that defendants are entitled to recover under Rule 54(d) court reporter, transcript and photocopy costs that are reasonable and were necessary to this litigation. The Court cannot, however, quantify those costs from the information defendants have submitted. Defendants are ordered to submit to the Court within ten days of the date of this Memorandum Opinion and Order a second amended bill of costs that sets forth the information outlined above. Plaintiff has seven days thereafter to respond to any amended cost information submitted by defendants. The Court will rule by mail on the second amended bill of costs.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 28 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 144 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| TBK | courtroom deputy's initials | 01 NOV 27. PM 3:04 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAMUEL ROCKETT, )
)
Plaintiff, )
)
v. ) No. 99 C 3957
) Paul E. Plunkett, Senior Judge
MARTEN TRANSPORT, LTD. and )
JACQIE TEIGEN, )
)
Defendants. )

DOCKETED
NOV 28 2001

## MEMORANDUM OPINION AND ORDER

The case is before the Court on defendants' amended bill of costs. For the reasons set forth below, the Court finds that defendants are entitled to recover statutory costs that are reasonable and were necessary to the litigation under Federal Rule of Civil Procedure ("Rule") 54(d). Unfortunately, the Court cannot quantify the amount of taxable costs from the information defendants submitted. After defendants submit a second amended bill of costs that comports with this Memorandum Opinion and Order, the Court will finalize the award of costs.

### Discussion

In relevant part, Rule 54(d) provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party . . . ." Absent exceptional circumstances, our court of appeals has said, "a prevailing party should be awarded costs as a matter of course." Smith v. DeBartoli, 769 F.2d 451, 453 (7th Cir. 1985).

Despite Rule 54(d)'s presumption in favor of awarding costs, plaintiff contends that this Court's Local Rule 54.1 prohibits an award of costs in this case. Plaintiff's argument rests on the first sentence of our Local Rule, which says: "Within 30 days of the entry of a judgment allowing costs, the prevailing party shall file a bill of costs with the clerk and serve a copy of the bill on each adverse party." In plaintiff's view, the phrase "entry of judgment allowing costs," means that costs are only recoverable if the Court explicitly says so in the judgment order. If plaintiff's interpretation were correct, then Local Rule 54.1 would conflict with Federal Rule 54(d), which does not make a cost award contingent on the language of the judgment order. Whenever a conflict arises between a local court rule and a Federal Rule of Civil Procedure, the latter always prevails. See FED. R. CIV. P. 83; 28 U.S.C. § 2071(a). Thus, we could not withhold an award of costs authorized by Rule 54(d), even if Local Rule 54.1 directed us to do so.

To award costs under Rule 54(d), we must determine that there is statutory authority for the costs sought to be recovered and that they are reasonable and were necessary to the litigation. Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 453-54 (7th Cir. 1998). Recoverable costs are:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Seventh Circuit has interpreted this statute to authorize the recovery of costs for deposition transcripts and photocopies, the costs defendants seek. Cengr, 135 F.3d at 454.

The only question then is whether the costs defendants seek are reasonable and were necessary to the litigation. Unfortunately, defendants have given us no basis for making that

-2-

determination with respect to the deposition and hearing transcripts they ordered. Though the relevance of the parties' depositions is clear, we have no idea what role, if any, the twelve other deponents played in this case or why defendants needed the transcript of a hearing before Magistrate Judge Bobrick. Further, as plaintiff points out, defendants have not explained why it was necessary to incur certain premium costs, like those related to: (1) the videotaping of plaintiff's deposition; (2) expedited delivery of the McGraw, Webster and Kielbasa deposition transcripts; and (3) a condensed transcript and ASCII disk for the Gakhal deposition. Absent such information, we cannot award defendants the court reporter and transcript costs they seek.

Defendants' request for photocopy costs has the same flaws. According to the statute, defendants can recover costs to photocopy "papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "The phrase 'for use in the case' refers to materials actually prepared for use in presenting evidence to the court." McIlveen v. Stone Container Corp., 910 F.2d 1581, 1584 (7th Cir. 1990) (internal quotation marks and citation omitted). "In other words, photocopying charges attributable to discovery and the court's copies of pleadings, motions, and memoranda are reasonably necessary for use in the case and can be awarded" under Rule 54(d), but copies of other documents or those made solely for attorney convenience cannot. White v. Sunstrand Corp., No. 98 C 50070, 2000 WL 1576319, at *3 (N.D. Ill. Oct. 19, 2000), aff'd, 256 F.3d 580 (7th Cir. 2001), petition for cert. filed, 70 U.S.L.W. 3280 (U.S. Oct. 1, 2001) (No. 01-578); see McIlveen, 910 F.2d at 1584.

As plaintiff points out, defendants have provided no support for their request to recover for photocopying costs under Rule 54(d). They do not indicate what documents were copied, why they were copied, how many pages were copied or the price per page charged for the copying. Thus, we cannot determine whether there is statutory authority for recovering the cost of these copies or

whether they were reasonable and necessary to the litigation. We are not suggesting that defense counsel compile a list of every sheet of paper photocopied and justify each decision to do so. But we must have more of an explanation than "General Photocopy" or "Correspondence" to make a reasonableness determination. Without that information, we cannot award defendants the photocopy costs they seek.

## Conclusion

For the reasons set forth above, the Court finds that defendants are entitled to recover under Rule 54(d) court reporter, transcript and photocopy costs that are reasonable and were necessary to this litigation. The Court cannot, however, quantify those costs from the information defendants have submitted. Defendants are ordered to submit to the Court within ten days of the date of this Memorandum Opinion and Order a second amended bill of costs that sets forth the information outlined above. Plaintiff has seven days thereafter to respond to any amended cost information submitted by defendants. The Court will rule by mail on the second amended bill of costs.

**ENTER:**

**UNITED STATES DISTRICT JUDGE**

DATED: _11-27-01_