# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3957 | **DATE** | 1/14/2002 |
| **CASE TITLE** | SAMUEL ROCKETT vs. MARTEN TRANSPORT LTD., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's bill of costs and amended bill of costs are denied and their second amended bill of costs is granted in part and denied in part. The Court finds that defendants are entitled to recover under Rule 54(d) $4766.16 for deposition transcripts costs and $975.71 for photocopy costs. Judgment will be entered in defendants' favor on their second amended bill of costs in the total amount of $5741.87.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 15 date docketed | |
| ✓ | Docketing to mail notices. | | | 150 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAMUEL ROCKETT, )
)
Plaintiff, )
)
v. ) No. 99 C 3957
) Paul E. Plunkett, Senior Judge
MARTEN TRANSPORT, LTD. and )
JACQIE TEIGEN, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

The case is before the Court on defendants' second amended bill of costs. For the reasons set forth below, the Court finds that defendants are entitled to recover under Federal Rule of Civil Procedure ("Rule") 54(d) costs in the total amount of $5741.87.

## Discussion

In their request for deposition and hearing transcript costs, defendants include charges associated with videotaping plaintiff's deposition. As plaintiff points out, there is statutory authority for the recovery of costs for "stenographic transcript[s]," but not for videotapes, of depositions. See 28 U.S.C. § 1920(2). Even if the statutory phrase "stenographic transcript" encompasses videotapes, defendants could still not recover these costs because they have not demonstrated that they were necessary to their case. Defendants say that they videotaped plaintiff's deposition to "better preserve the record for future matters before the Court," given plaintiff's counsel's "generally . . . unprofessional [conduct]" and because use of a videotaped deposition "is an extremely effective method for impeaching a party during trial." (Supplemental Aff. M. Elizabeth Winters Supp. Second

Am. Bill Costs at 2-3.) Neither reason is persuasive. With the exception of gestures, a written deposition transcript would have captured all of plaintiff's counsel's comments and conduct, professional or otherwise, as accurately as a videotape. In addition, a written transcript would have provided defendants with the same amount of impeachment material as a videotape. It may be, as defendants assert, that impeachment by videotape has more of an impact than impeachment by transcript. If defendants want that impeachment "edge," however, they must pay for it themselves. Consequently, all costs associated with videotaping plaintiff's deposition, a total of $1334.00, are disallowed.[1]

Defendants also seek to recover costs for the transcripts of thirteen other depositions. Defendants say that they used excerpts from all of the depositions, except those of Dawn and Timothy Howard, in connection with their summary judgment motion. Plainly, the eleven depositions defendants used for that motion were necessary to their case. And, because the costs they seek comport with Local Rule 54.1, they are reasonable.

Defendants have not, however, demonstrated that the Howard depositions were necessary to their case. Though defendants did not use the transcripts, that fact does not necessarily preclude them from recovering these costs. If defendants can show that they reasonably believed, at the time they ordered the transcripts, that the testimony was necessary to their case, the costs are recoverable. Defendants have not made the requisite showing. Defendants do not identify the subject of the Howards' testimony or explain how it fit into their case. In fact, the only thing defendants say about

---

[1] This amount represents **$953.25 for the July 12, 2000 session** ($195.00 for the first hour of videotaping + $546.25 for additional attendance + $43.50 for tape stock + $157.50 for copies of the videotaped deposition + $11.00 premium charge for expedited delivery) + **$380.75 for the October 11, 2000 session** ($195.00 for the first hour of videotaping + $118.75 for additional attendance + $14.50 for tape stock + $52.50 for copies of the videotaped deposition).

these depositions is that they played no role in defendants' summary judgment motion. Because defendants have not demonstrated that the Howard depositions were necessary to their case, the costs associated with them, a total of $288.30, are disallowed.[2]

Defendants also seek to recover the cost of a transcript of hearing before Magistrate Judge Bobrick. Defendants ordered the transcript because they "considered referencing [in their summary judgment papers] . . . boorish comments" made during that hearing by plaintiff's counsel. (Supplemental Aff. M. Elizabeth Winters Supp. Second Am. Bill of Costs at 4.) As defendants admit, however, those comments, were not relevant to the substantive issues in the summary judgment motion. (See id. at 4 (stating that defendants did not include the comments in their summary judgment papers because they would have "cloud[ed] the issue").) Because the hearing transcript was not necessary to their case, defendants may not recover the costs, a total of $175.00, associated with it.

In sum, the Court finds that the total amount of deposition transcript costs that defendants may recover under Rule 54(d) is $4766.16.[3]

---

[2] This figure represents $81.50 for the transcript of Dawn Howard's deposition + $206.80 for the transcript of Timothy Howard's deposition.

[3] This figure represents **$678.80 for the 7/12/00 Rockett deposition** ($652.50 for the transcript + $20.80 for exhibits + $5.50 for regular delivery) + **$336.00 for the McGaw deposition** ($321.00 for the transcript [107 pages x $3.00 per page] + $15.00 repository fee) + **$304.05 for the Gakhal deposition** ($289.05 for the transcript + $15.00 repository fee) + **$310.00 for the Webster deposition** ($285.00 for the transcript [95 pages x $3.00 per page] + $10.00 signature fee + $15.00 repository fee) + **$34.30 for copies of the McGaw deposition exhibits** + **$427.50 for the Sutton deposition** ($340.75 for the transcript + $71.75 for copies of the exhibits + $15.00 repository fee) + **$ 554.70 for the Kielbasa deposition** ($522.00 for the transcript [174 pages x $3.00 per page] + $10.00 signature fee + $7.70 for copies of the exhibits + $15.00 repository fee) + **$238.80 for the 10/11/00 Rockett deposition** ($232.00 for the transcript + $1.30 for exhibits + $5.50 for regular delivery) + **$30.00 for the Hannah deposition** ($15.00 for the transcript [5 pages x $3.00 per page] + $15.00 repository fee) + **$266.45 for the Grochowski deposition** ($251.45 for the transcript +

Defendants also seek to recover costs for photocopies. As we noted in our opinion on defendants' amended bill of costs, only costs for copies of discovery, motions and other materials that were "actually prepared for use in presenting evidence to the court," are recoverable. McIlveen v. Stone Container Corp., 910 F.2d 1581, 1584 (7th Cir. 1990) (internal quotation marks and citation omitted). Defendants say they spent $975.71 for copying and Bates stamping documents they produced in discovery. (Supplemental Aff. M. Elizabeth Winters Supp. Second Am. Bill Costs at 5.) Those costs are reasonable and recoverable.

According to defendants, that leaves $3,219.07 in charges for in-house copying. (Id.) Defendants have made no effort to demonstrate that these costs are reasonable or to segregate those that are recoverable from those that are not. They have not, for example, indicated what price was charged per page, despite our explicit instruction to do so. Moreover, though they admit that they made copies solely for attorney convenience and say they "are willing" to reduce their request by twenty-five percent to account for that fact, they do not provide any basis for us to conclude that twenty-five is the appropriate percentage. They do not, for instance, tell us how many lawyers worked on this case or whether it was their habit to make copies of all correspondence, pleadings, etc., for each lawyer. Further, though the photocopy charges are dated, defendants have made no attempt to correlate charges with the dates discovery was served, documents were produced or papers were filed with the court. Defendants' arbitrary and unsupported reduction in their copying cost

---

$15.00 repository fee) + **$33.80 for the Parnham deposition, part one** ($18.80 for the transcript + $15.00 repository fee) + **$137.20 for the Parnham deposition, part two** ($122.20 for the transcript + $15.00 repository fee) + **$616.60 for the Teigen deposition** ($601.60 for the transcript + $15.00 repository fee) + **$611.90 for the Searing deposition** ($596.60 for the transcript + $15.00 repository fee) + **$25.36 for copies of the Searing deposition exhibits** ($24.15 for the exhibits + $1.21 for postage) + **$160.70 for the Gallagher deposition** ($145.70 for the transcript + $15.00 repository fee).

request does not satisfy their burden under 28 U.S.C. § 1920. Defendants' in-house photocopy request is, therefore, denied in its entirety.

## Conclusion

For the reasons set forth above, defendants bill of costs and amended bill of costs are denied and their second amended bill of costs is granted in part and denied in part. The Court finds that defendants are entitled to recover under Rule 54(d) $4766.16 for deposition transcripts costs and $975.71 for photocopy costs. Judgment will be entered in defendants' favor on their second amended bill of costs in the total amount of $5741.87.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: _1-14-02_